IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL HURT,

                      Plaintiff,

      v.                                                     CASE NO. 06-3218-SAC

CORRECT CARE SOLUTIONS, et al.,

                      Defendants.


**O R D E R**

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a prisoner incarcerated in a Kansas correctional facility.  Also before the court is plaintiff's motion for leave to proceed in forma pauperis in this matter.

Plaintiff claims defendants were deliberately indifferent to plaintiff's serious medical needs when they suddenly terminated plaintiff's long standing medical protocol for controlling epileptic seizures and convulsions upon plaintiff's arrival at the Kansas Diagnostic and Reception Unit.  Plaintiff cites a broken vertebrae from a violent seizure in July 2005, and argues defendants' actions recklessly subject him to the risk of similar serious injury in the future.

The Prison Litigation Reform Act (PLRA), effective April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also*, Booth v.

<u>Churner</u>, 531 U.S. 956 (2001)(§ 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels).

In the present case, there is nothing in plaintiff's pleadings to suggest that he has pursued any administrative review of his claim that defendants are deliberately indifferent to a serious medical need. Accordingly, plaintiff is directed to show cause why the complaint should not be dismissed without prejudice, pursuant to 42 U.S.C. § 1997e(a), to allow plaintiff to satisfy this statutory requirement for bringing an action in federal court. The failure to file a timely response may result in the complaint being dismissed without prejudice without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

DATED: This 22nd day of August 2006 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge